In the matter of Baby Girl S., a Dependent Child.

[Cite as In re Baby Girl S. (1972), 32 Ohio Misc. 217.]

(No. J-31165—Decided August 21, 1972.)

Court of Common Pleas of Stark County, Family Court Division.

*Mr. Phillip Schandel*, for mother.
*Mrs. Shelia Farmer*, assistant prosecuting attorney, for Stark County Welfare Department.

Milligan, J.  This case was heard upon the complaint of the Stark County Welfare Department, charging that this infant is a dependent child in that the mother is physically, emotionally, and financially unable to care for the child.  Permanent custody is requested.

The unmarried mother of the child is aged 17.  Her

parents were summoned to court and did appear; and a guardian ad litem was appointed for the child. All parties were represented by counsel.

At the conclusion of testimony, the guardian ad litem requested a continuance so that the infant might be examined to determine physical and mental health. The request was granted, and the cause was continued to August 16, 1972, at which time it was concluded.

The issue of whether the child is a dependent child is to be determined as of "on or about the date specified in the complaint." (R. C. 2151.03.) The amendment to the jurisdiction section to the Juvenile Code, effective November 1, 1969, repeals the judicial determinations that the time of neglect or dependency must include the time of hearing. See *In re Kronjaeger*, 166 Ohio St. 172, and *In re Darst*, 117 Ohio App. 374.

*The Natural Mother.* The 17-year-old mother is a trainable retardee enrolled in the Retarded Children's School. She is functioning at the seventh-year level and behaves well in a structured or sheltered environment. She is grossly limited in her maturity and ability to make value judgments. She is limited in planning for the future and has a low frustration tolerance. Because of her disability, she has been pampered by her parents and her peers. For example, for some period of time, she demanded that other persons cut her food.

This mother has never had custody or physical control of the infant, inasmuch as her original plan—concurred in by her parents—was that the child be placed for adoption. This plan was changed some time after the birth of the child.

Clearly, as to the mother, the infant is a dependent child in that the mother is physically, emotionally, and financially unable to care and provide for an infant.

The fact that she has not had the child in her physical custody and control does not preclude the court from a finding of dependency. *In re Turner*, 12 Ohio Misc. 171.

*The Maternal Grandparents.* The maternal grandfather is aged 50, in good health, regularly employed, and

buying his own home. He and his wife would like to adopt this child. They are strongly motivated to raise the child in the Nazarene Church and in the family. The grandfather is thoughtful, articulate, and realistic about his family.

The maternal grandmother is aged 42, and suffered a stroke some months ago, from which she is gradually recovering. She is very limited, health aside, in her capacity to cope with the responsibility of a home that includes her retarded daughter and two married children.

The maternal grandfather believes that the natural father of the infant is an identifiable person who, himself, is retarded. Such person has not been identified during the proceedings.

*The Infant.* The reports of the neurologist and psychologist suggest that the infant is within normal ranges of intelligence, and is developing, physically and psychologically, in a normal fashion. The child has no apparent neurological deficiencies. This child is adoptable.

The court finds the infant to be a dependent child.

The determination of the nature of custody granted hinges upon the best interests of the child. This court is satisfied that despite the strong maternal attachments and instincts, and the well-intentioned concern of the maternal grandparents, the infant's best interests would be served by the child being placed in the permanent custody of the Stark County Welfare Department for adoption-placement.